United States District Court
Southern District of Texas
**ENTERED**
December 01, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROGELIO LOPEZ, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:17-CV-345 |
| § | |
| RALPH HANSON, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Rogelio Lopez is in the custody of the U.S. Bureau of Prisons at FCI Three Rivers in Three Rivers, Texas. He filed this *pro se* petition for writ of habeas corpus seeking to have his sentence vacated.[1] His petition was filed pursuant to 28 U.S.C. § 2241. For the reasons stated, it is respectfully recommended that Petitioner's cause of action be **DISMISSED** because the relief he seeks can be granted only through a petition brought pursuant to 28 U.S.C. § 2255 in the Eastern District of Texas.

**I.    PRELIMINARY REVIEW OF HABEAS ACTION**

28 U.S.C. § 2243 authorizes a district court to summarily dismiss a frivolous habeas corpus petition prior to any answer or other pleading by the government. The Rules Governing Section 2254 Cases in the United States District Courts instruct that the district court may apply any or all of those rules to a habeas corpus petition not covered

---

[1] Petitioner was initially notified that his pleading was deficient because he failed to pay the requisite filing fee. (D.E. 5 and D.E. 8). However, as of November 28, 2017, the Court has received the $5.00 filing fee.

by Rule 1(a). 28 U.S.C. § 2254 Rule 1(b). Such petitions include those filed under § 2241. Rule 4 provides authority to summarily dismiss frivolous habeas petitions upon preliminary review, prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Specifically, the rule states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4. This power of the district court is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Kiser*, 163 F.3d at 328 (quoting 28 U.S.C. § 2254 Rule 4 Advisory Committee Notes); *see also* 28 U.S.C. § 2243.

## II.     BACKGROUND

Petitioner pleaded guilty in the Eastern District of Texas, Sherman Division for conspiracy to possess with intent to manufacture and distribute methamphetamine in violation of 21 U.S.C. § 846 and on January 12, 2012, he was sentenced to 188 months imprisonment. *United States v. Lopez*, No. 4:10-cr-220-MAC-KPJ-5 (E.D. Tex filed Jan. 12, 2012) (Judgment). On July 15, 2016, Petitioner filed a Motion to Reduce Sentence, which was denied on October 27, 2016. *United States v. Lopez*, No. 4:10-cr-220-MAC-KPJ-5 (E.D. Tex filed October 27, 2016) (Order). It does not appear that Petitioner has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (D.E. 1, Page 4).

### III. PETITIONER'S CLAIMS

Petitioner seeks to vacate his sentence by challenging the application of the career offender enhancement to the calculation of his sentencing guideline range imposed pursuant to U.S.S.G. § 4B1.1. Petitioner alleges his previous convictions do not qualify as predicate convictions for purposes of the career offender enhancement. (D.E. 1, Page 7 and D.E. 2, Pages 12-32). Petitioner asserts the remedy under § 2255 is inadequate or ineffective to challenge his conviction or sentence because his claim was previously unavailable. (D.E. 2).

### IV. PETITTION FOR HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (internal citations omitted); *Moorehead v. Chandler*, 540 Fed. App'x. 458 (5th Cir. 2013).

In contrast, a § 2255 motion provides the primary means of collateral attack on a federal sentence. *Pack*, 218 F.3d at 451. Relief under § 2255 is warranted for errors that occurred at or prior to sentencing. *Id*. A § 2255 motion must be filed in the sentencing court. *Id*.; *Eckles v. Chandler*, 574 Fed. App'x. 446 (5th Cir. 2014). A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack, 218 F.3d at* 452; *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000) (same).

Petitioner's pending habeas claim is based on the alleged incorrect application of the career offender provisions of the federal sentencing guidelines. This represents a challenge to the enhancement of his sentence and is thus a challenge to the merits of his conviction. Because Petitioner's complaint relates to the merits of his conviction, not to the interpretation or carrying out of his sentence by the Bureau of Prisons, Petitioner must challenge his sentence in the sentencing court through a § 2255 action, unless he qualifies for relief pursuant to § 2255's savings clause. 28 U.S.C. § 2255(e).

Petitioner may bring his claim pursuant to § 2241 by showing that § 2255 is inadequate to challenge the legality of his conviction. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877–78 (5th Cir. 2000). The savings clause provides as follows:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

A petitioner must satisfy a stringent two-prong test before he may invoke the savings clause of § 2255(e). The savings clause applies to a claim (i) that is based upon a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense, and (ii) that was foreclosed by circuit law at the time the claim should have been raised at trial, on appeal, or first § 2255 motion.

*Reyes-Requena*, 243 F.3d at 904. Under such circumstances, it can be fairly said that the remedy by a successive § 2255 motion is inadequate.

Petitioner claims there is new case law, specifically *Mathis v. United States*, 136 S. Ct. 2243 (2016), *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) and *Holt v. United States*, 843 F.3d 720 (7th Cir. 2016) that warrants removal of the career offender enhancement of his sentence.[2] (D.E. 1, Page 6). In *Mathis*, the Supreme Court held that a prior conviction does not qualify as a predicate offense under the enumerated-offense clause of the Armed Career Criminal Act ("ACCA") if an indivisible element of the crime of conviction is broader than an element of the generic offense. 136 S. Ct. at 2251. There, the Court found that because the elements of Iowa's burglary statute are broader than those of generic burglary, Mathis's prior convictions could not support a sentence enhancement under the ACCA. *Id.* at 2257.

However, Petitioner's reliance on *Mathis* is misplaced. Generally, "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Lott v. Willis*, No. EP-16-CV-514-DCG, 2017 WL 384074, at *5 (W.D.

---

[2]The Fifth Circuit has characterized its *Hinkle* opinion as a "straightforward application of *Mathis*" in determining what qualifies as a "controlled substance offense" within the meaning of the Guidelines. *United States v. Tanksley*, 848 F.3d 347, 352 (5th Cir. 2017); *Hinkle*, 832 F.3d at 571. Therefore, as the test for the § 2255 savings clause looks only to Supreme Court decisions, the undersigned addresses only *Mathis* in this Memorandum and Recommendation. *E.g. Johnson v. Willis*, No. EP-17-CV-182-FM, 2017 WL 3095910, at *6 (W.D. Tex. July 19, 2017) (remarking *Hinkle* is "not [a] retroactively applicable Supreme Court decision" [and therefore not relevant to § 2255 savings clause analysis]). For this same reason, the undersigned does not address the Seventh Circuit's decision in *Holt*. However, the undersigned does note that the Seventh Circuit in *Holt* found "*Mathis* has not been declared retroactive by the Supreme Court- nor is it a new rule of constitutional law." *Holt*, 843 F.3d at 722.

Tex. Jan. 26, 2017) (quoting *Tyler v. Cain*, 533 U.S. 656, 663 (2001)). The Supreme Court has not expressly held that *Mathis* applies retroactively to cases on collateral review. *Mathis*, 136 S. Ct. at 2251, 2257 (noting decision was dictated by decades of prior precedent); *Robles v. Willis*, No. EP-17-CV-88-KC, 2017 WL 1957066, at * 2 (W.D. Tex. May 10, 2017) ("[B]ecause the *Mathis* Court reaffirmed prior Supreme Court rulings, it has not been recognized as announcing a new substantive rule retroactively applicable to cases on collateral review.") (internal citations omitted).

Further, to the extent Petitioner claims he is actually innocent of the career offender enhancement, the Fifth Circuit has consistently held "that a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241." *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) (citing *Kinder v. Purdy*, 222 F.3d 209, 213–14 (5th Cir. 2000)).

In short, Petitioner has not established that he can meet the requirements of the savings clause to file a § 2241 petition. Petitioner is challenging the validity of his career offender sentence enhancement which was imposed by the Eastern District of Texas, Sherman Division. Since Petitioner's argument concerns the validity of his sentence, he must follow the requirements of § 2255. Accordingly, it is recommended that Petitioner's habeas action be **DISMISSED** because this Court does not have jurisdiction to consider his § 2255 claim and also because he has not shown § 2255 is inadequate or ineffective to address his claims, which would allow him to bring the claim under § 2241.

## V.   RECOMMENDATION

For the reasons stated, it is respectfully recommended that Petitioner's 28 U.S.C. § 2241 cause of action be **DISMISSED**.

ORDERED this 28th day of November, 2017.

*[signature: Jason Libby]*
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).